IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EOH SALEM HOLDING LLC, an Oregon limited liability company, | CV 07-611 AS |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| ANDREW V. MARTINI, | |
| Defendant. | |

ASHMANSKAS, Magistrate Judge:

Defendant Andrew V. Martini ("Martini") moves to dismiss plaintiff EOH Salem Holding, LLC's ("Salem Holding") First Amended Complaint on three grounds: (1) Salem Holding's First, Fourth, Fifth, Sixth, and Seventh Claims for relief should be brought derivatively on behalf of Evergreen Oregon Healthcare Salem, LLC ("Salem LLC"), and the addition of Salem LLC will destroy diversity requiring dismissal; (2) even if the claims are not derivative, complete relief cannot be granted without the addition of Salem LLC -- a necessary and

1 - FINDINGS AND RECOMMENDATION

indispensable party whose joinder will destroy diversity; and (3) because Salem Holding is contractually obligated to resolve its claims in arbitration. Because the third assertion is dispositive, the court need not address the first two arguments.

## BACKGROUND

Salem Holding is an Oregon LLC with its members domiciled in Oregon. It owns a 49% interest in Salem LLC, an Oregon LLC. First Amended Complaint ("FAC"), ¶ 2; Padrick Decl. The remaining 51% interest in Salem LLC is owned by Evergreen Oregon Healthcare, LLC ("EOH"), an Oregon LLC with its members domiciled in Washington. FAC, ¶ 3; Martini Decl. ¶¶ 3, 4. Martini is the Manager of Salem LLC and was, until recently, the Manager of EOH. FAC, ¶ 4. Martini is also a member of EOH. Martini Decl. ¶ 3. Martini is a citizen of the state of Washington. *Id.*

On or about December 18, 1998, Salem Holding and EOH entered into a First Restated Operating Agreement of Salem LLC ("the Operating Agreement"). FAC, ¶ 7. Paragraph 3.2.2 of the Operating Agreement entitles Salem Holding to certain distributions of Net Distributable Cash from Salem LLC's operations. Section 12.2 of the Operating Agreement provides: "Arbitration. Any dispute among the Members or among the Members and [Salem LLC] concerning this agreement shall be settled by artibtration...." FAC, Ex. A, p. 21.

Salem Holding contends that Martini's unlawful conduct has interfered with Salem Holding's contractual rights under the Operating Agreement and deprived Salem Holding of Net Distributable Cash it was entitled to receive in the amount of almost $3 million. Salem Holding contends that the diverted funds are improper distributions, not made in proportion to ownership interest or with unanimous consent of the Salem LLC's members, as required by the Operating

2 - FINDINGS AND RECOMMENDATION

Agreement between Salem Holding and EOH. Salem Holding alleges that Martini has breached the fiduciary duties he owes to it, that he has intentionally interfered with Salem Holding's contractual rights under the Operating Agreement, and has unlawfully converted plaintiff's funds to his own use. Salem Holding seeks an accounting, imposition of a constructive trust over the diverted funds, and an injunction to prevent further distributions. Salem Holding contends that the dispute is with Martini's conduct as Manager of Salem LLC. Pltf's Response to Def. Motion to Dismiss, p. 3.

Salem Holding's original Complaint named Salem LLC as a plaintiff, and Salem Holding alleged that it was suing Martini on its own behalf and derivatively on behalf of Salem LLC. Complaint, ¶ 7. Salem Holding asserted six Claims for Relief against Martini, each of which arose from Martini's alleged failure, as Manager of EOH and/or Salem LLC, to comply with the Operating Agreement. Complaint, ¶ 21. Salem Holding alleged that Martini interfered with Salem Holding's contractual rights under the Operating Agreement with EOH by causing EOH to distribute cash to other entities. In addition, Salem Holding alleged that Martini breached his fiduciary duties as Salem LLC's manager by making improper distributions contrary to the Operating Agreement, and converted distributions that were supposed to go to Salem Holding under the Operating Agreement to his own use. Complaint, ¶¶ 23-38. Salem Holding sought a constructive trust and accounting against Martini, and an injunction to restrain Martini from making further distributions of Salem LLC's "Net Distributable Cash." Salem Holding sought to recover its attorneys' fees from Salem LLC for prosecuting the action derivatively on behalf of Salem LLC. Complaint, ¶¶ 39-50.

In June 2007, counsel for Martini and Salem Holding conferred regarding the absence of

diversity jurisdiction due to the citizenship of the members of Salem Holding and Salem LLC. Thereafter, on June 25, 2007, Salem Holding filed the FAC.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2 (2002). However, when grounds "exist at law or in equity for the revocation of any contract," courts may decline to enforce such agreements. *Id.; Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 683 (1996).

The Supreme Court has stated that "arbitration is a matter of contract [,]" *see United Steelworkers of America v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960), and it "directs courts to place arbitration agreements on equal footing with other contracts." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 293 (2002). Accordingly, arbitration agreements are subject to all defenses to enforcement that apply to contracts generally. *See* 9 U.S.C. § 2 (2002). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assocs., Inc.,* 517 U.S. at 687.

To evaluate the validity of an arbitration agreement, federal courts "should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995). Before this court may stay proceedings in this action and enforce arbitration, it must determine: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the claims or issues raised are within the scope of such agreement. *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional d'e Venezuela,* 991 F2d 42, 45 (2nd Cir 1993); *Torrance v. Aames Funding Corp.* 242 FSupp2d 862, 868 (D OR 2002).

4 - FINDINGS AND RECOMMENDATION

In a motion to compel arbitration, the burden of proof is on the party asserting jurisdiction and contesting arbitration. *Shearson/American Express, Inc. v. McMahon,* 482 US 220, 227 (1987). If there are "any doubts" concerning the arbitrability of claims, a court should resolve the dispute in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 US 614, 626 (1985)(quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.,* 460 US 1, 24 (1983).

I. Validity of the Arbitration Agreement

Plaintiff does not dispute that the arbitration agreement is valid.

II. Scope of the Arbitration Agreement

The arbitration clause provides that "[a]ny dispute among the Members or among the Members and the LLC concerning this Agreement shall be settled by arbitration...." FAC, Ex. A, p.21. Plaintiff contends that the parties have agreed to arbitrate disputes between Salem Holding and EOH, as well as disputes between Salem LLC and either of its Members, Salem Holding and EOH. Plaintiff argues that the arbitration clause does not refer to disputes between a Member and the Manager, or a dispute between Salem LLC and the Manager. Plaintiff notes that Salem LLC's Manager has an identity separate and distinct from that of both the LLC and its Members, and that disputes between the LLC and Manager or the Members and the Manager could have been specifically included in the arbitration clause.

However, each of plaintiff's claims arise from allegedly wrongful conduct on the part of Martini when he was acting in his capacity as manager of Salem LLC. Plaintiff alleges that Martini acted contrary to the best interests of Salem LLC and in violation of contractual and fiduciary duties to the LLC and plaintiff. Martini's roles as Manager and Member are

5 - FINDINGS AND RECOMMENDATION

inextricably intertwined. This is true regardless of whether plaintiff's claims are directly against Martini for breach of contract rights or derivative to the harm caused to Salem LLC. As such, plaintiff's claims constitute a "dispute among the Members or among the Members and the LLC concerning this Agreement" and are subject to arbitration. See, *Cleveland v. Trapalis,* 2003 WL 23538026 (D OR) 2003.

## RECOMMENDATION

For the reasons set forth above, defendant's Motion to Dismiss (# 10 ) should be granted, and this action should be stayed pending arbitration pursuant to 9 USC § 3.

## SCHEDULING ORDER

The above Findings and Recommendations will be referred to a United States District Judge for review. Objections, if any, are due November 1, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due November 15, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 17th day of October, 2007.

      /s/ Donald C. Ashmanskas
    DONALD C. ASHMANSKAS
    United States Magistrate Judge